IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-50,361-03





EX PARTE CHARLES ANTHONY NEALY







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. F97-52818-H FROM THE


CRIMINAL DISTRICT COURT NO. 1 OF DALLAS COUNTY





Per Curiam.


ORDER



 This is a subsequent application for writ of habeas corpus filed pursuant to Texas
Code of Criminal Procedure, Article 11.071, Section 5. We remanded to the convicting court
to resolve applicant's claim that the prosecutor suborned perjured testimony.

 Applicant was convicted of capital murder on September 2, 1998. After review this
Court affirmed the conviction and sentence of death. Nealy v. State, No. 73,267
(Tex.Crim.App. September 13, 2000). On July 7, 2000, applicant filed his initial application
for writ of habeas corpus pursuant to Article 11.071. We denied relief. Ex parte Nealy, No.
WR-50,361-01 (Tex.Crim.App. October 24, 2001). Applicant's date for execution was set
for November 16, 2006. On November 9, 2006, he filed this subsequent application alleging
he was actually innocent based on a new recantation by his cousin who had testified at trial
and that the prosecutor had suborned perjured testimony. We determined that the claim of
prosecutorial misconduct had met the requirements of Article 11.071, Section 5, for
consideration of subsequent claims. We dismissed his claim of actual innocence and
remanded the claim of prosecutorial misconduct to the convicting court for resolution. The
convicting court took evidence, received proposed findings of fact from the parties, and made
findings of fact. The case has been returned to this Court for review.

 We have reviewed the record and hold that the findings of the convicting court are
supported by the record and we adopt them as our own. The convicting court found that
"Memphis' allegations of prosecutorial misconduct and false trial testimony are untrue and
were fabricated to affect a stay of execution in this case." Applicant also tried to raise a
claim which was not before the convicting court, that Reginald Mitchell had an undisclosed
deal with prosecutors. To the extent that claim is before this Court it is dismissed as an abuse
of the writ, having been adversely decided against applicant in his initial application.

 Applicant and his family attempted to pressure Memphis Nealy, applicant's cousin,
to recant his trial identification testimony. This plan was discovered by the Dallas County
District Attorney's office and they made contact with Memphis Nealy. Memphis, at first,
asserted that he had testified truthfully at trial but a few days later, on the record before the
convicting court, he stated that a prosecutor had coerced him into testifying and that he had
testified to what he had been told by the prosecutor. On remand the convicting court
determined that Memphis had attempted to recant but had not changed his testimony in any
material way from the testimony he gave to the jury on direct and cross examination. The
court also found Memphis' testimony to be "not worthy of belief."

 Applicant's subsequent application for writ of habeas corpus is denied, the stay
previously entered is terminated.

 IT IS SO ORDERED THIS THE 7TH DAY OF FEBRUARY, 2007.

Do Not Publish